JOSWIAK v. JOSWIAK et al.   (No. 8133.)

(Court of Civil Appeals of Texas. Galveston. Jan. 31, 1922.)

Trusts ⬭89(2) — Finding that no trust existed in land by reason of payment of part of purchase price sustained.

In suit to confirm an oral partition of land, in which mother of parties intervened, claiming an interest in the land by reason of payment of part of purchase price, evidence *held* to sustain a finding that money paid by her was the joint property of the three, and that she surrendered her interest under an agreement of the children to pay her an annuity for life.

Appeal from District Court, Washington County; R. J. Alexander, Judge.

Suit by Albert Joswiak against Mike Joswiak, in which Mrs. Antonio Joswiak intervened. From an adverse judgment, the intervener appeals. Affirmed.

A. W. Hodde and W. W. Searcy, both of Brenham, for appellant.

Mathis, Teague & Mathis, of Houston, for appellee.

LANE, J. This suit was instituted by appellee, Albert Joswiak, against appellee, Mike Joswiak, praying for a confirmation of an alleged parol agreement by which said parties agreed to divide, and did in fact divide and partition, a certain tract of land situated in Washington county, Tex., between themselves.

Mike Joswiak by his answer admitted that the alleged agreement was made by the parties, and that each of them went into possession of their respective portions of said land.

The appellant, Mrs. Antonio Joswiak, hereinafter called intervener, intervened in the suit, and alleged that the land in controversy was purchased by her and the two appellees from R. S. Williams and O. L. Williams on the 2d day of November, 1905; that of the purchase price for said land she paid $1,525 at the time of the execution and delivery of the deed, that being the cash consideration recited in said deed; that by the deed the land was, by consent of all the purchasers, conveyed to appellees, Albert and Mike Joswiak, but it was understood between said purchasers at the time the deed was executed that appellant was to own such a proportionate part of the land as said cash payment bore to the whole consideration, to wit, $5,525; that while it is recited in the deed that in payment for said land the appellees paid $1,525 cash and executed their 10 notes for $400 each, the facts are that intervener paid the cash recited in said deed. She prayed that in the partition of the land that judgment be rendered awarding to her a part thereof. She also alleged that it was understood that she was to live on the land, and that the appellees, Albert and Mike Joswiak, were each to pay her the sum of $25 per year as rent for her interest in said land until all the purchase-money notes were paid, and thereafter they were to pay her the sum of $50 each year as rent for her interest in said land; that she has lived on said land since its purchase, and that appellees have always recognized her right and interest therein, and that they have paid her for the use of the same, as above stated; that appellee Albert Joswiak paid her $25 per year from the date of purchase of the land up to about five years ago, and has from that time refused to pay her anything as rent. She prayed that should it be found that she owned no interest in the land; that she have judgment against Albert Joswiak for $50 per year so long as she may live, and that said judgment be declared to be a lien on the interest of Albert Joswiak in the land.

Answering the plea of intervener, appellee Albert Joswiak denied generally, and alleged that at the date of the purchase of the land he was 23 years of age, and that his brother, Mike Joswiak, was 20 years of age; that they were the sons of the intervener, Antonio

Joswiak; that the $1,525 paid on the land when purchased had been made and accumulated by the joint labors of appellees and intervener over a period of some years; that said money was considered by all parties as their joint or common property. He alleged further as follows:

"That it was agreed and understood by the plaintiff, defendant, and intervener at the time of the purchase of said land that said money should be paid thereon, and that the land should be conveyed to and become the joint property of plaintiff and defendant, and that plaintiff and defendant should each pay to the intervener the sum of $25 a year until said land should be paid for, and that after said land had been paid for plaintiff and defendant should each pay intervener the sum of $50 a year during the remainder of her lifetime.

"That in pursuance and as evidence of such agreement intervener caused plaintiff and defendant to execute to her their obligation in writing by which they agreed to pay her annuities as hereinabove stated; such writing recognizing intervener's contribution toward the purchase of said land to be $500."

He further alleged that by reason of the contract between all parties, by the terms of which appellees were to pay certain sums annually to intervener, as above alleged, and by reason of intervener's having accepted such payments under said contract, and thereby having recognized that appellees were the owners of all of said land, she is estopped to assert any claim or title to any part of said land.

In reply to the above answer intervener alleged that she was ignorant and did not understand the import of the contract pleaded by Albert Joswiak, and that she did not know that the payments made to her by appellee were being made by reason of said contract, but that she thought the same was paid to her as rent for her interest in the land; that she did not intend to give up her interest in the land by accepting the contract and payments thereunder. She also alleged that eight years prior to the filing of her answer, Albert and Mike Joswiak finished paying said purchase-money notes, and that since such time Albert Joswiak has paid her $25 per year only, instead of $50 per year, as he had agreed to do.

The cause was tried before the court without the intervention of a jury. Judgment was rendered confirming the partition of the land described in the plaintiff's petition between appellees, Albert and Mike Joswiak, as prayed for by the plaintiff Albert Joswiak, and also decreeing that any and all interest claimed by intervener, Antonio Joswiak, in said land be divested out of her and vested in the appellees, Albert and Mike Joswiak.

It was further adjudged that Antonio Joswiak should recover from Albert Joswiak the sum of $200, with interest thereon from date of judgment, and that such judgment should constitute a first lien on the land of Albert Joswiak, and that Albert Joswiak should continue to pay to Antonio Joswiak the sum of $50 for the year 1921 and subsequent years so long as the said Antonio Joswiak should live, and she should have a lien upon said land to secure the payment thereof. The costs of the suit were adjudged against Albert and Mike Joswiak, each to pay one-half thereof. From such judgment Antonio Joswiak alone has appealed.

The two assignments of appellant, Antonio Joswiak, are to the effect that the court erred in refusing to render judgment in favor of her for such portion of the whole tract of land in controversy as $1,525 bears to $5,525, same being the total price paid for said land; for the reason, as alleged by her, that the undisputed evidence shows that she paid $1,525 of the purchase price of the land at the time of the purchase thereof. After a careful review of the entire statement of facts we have reached the conclusion that there is no merit in appellant's contention.

It is shown that for some years prior to the purchase of the land in controversy plaintiff Albert Joswiak and defendant Mike Joswiak, both of whom were minors for most of said years, and Antonio Joswiak, a widow and the mother of the two first-named parties, by their joint labors accumulated $1,525, and that Antonio Joswiak was the custodian of said money; that on the 2d day of November, 1905, O. L. Williams and wife, R. S. Williams, by their deed of that date conveyed the land in controversy to Albert and Mike Joswiak, reciting therein that as consideration for the same Albert and Mike Joswiak had paid to the vendors $1,525 cash, and had executed their 10 promissory notes for $400 each, one of which was to be paid each year thereafter until all were paid. This deed was filed for record on the 6th day of December, 1905, and on the 7th day of December, 1905, Albert and Mike Joswiak executed and delivered to appellant, Antonio Joswiak, the following instrument:

"State of Texas, Washington County.

"Know all men by these presents, that, whereas, on November 2, 1905, S. R. Williams and husband conveyed to Mike and Albert Joswiak 221 acres of land out of the C. Kuykendall league, for which they executed their notes, ten in number, for $400.00 each, and paid $1,-500.00 cash—$500.00 of which belongs to our mother, Antonio Joswiak, which she advanced to us; and being desirous of having her receive the benefit of the earnings of this $500.00, we hereby agree to pay to our said mother Antonio Joswiak 10% on the $500.00 each year so long as we owe for this land, said 10% on $500.00 is to be paid to our mother on January 1 of each year so long as we owe on this land, and after said 10 notes have been paid then we agree and bind ourselves to pay to our

mother, Antonio Joswiak, the sum of $100.00 each year on January 1 of each year so long as she may live. At the death of our mother this to become null and void.

"Witness our hands at Brenham, Texas, this 7th day of December, 1905.

　　　　　　　　　　his
"Albert　　X　　Joswiak.
　　　　　　　　　mark
　　　　　　　　　his
"Mike　　X　　Joswiak.
　　　　　　　　mark'
"Witness to Albert Joswiak:　C. G. Botts.
"Witness to Mike Joswiak:　Jake Winfield.
"I also agree to above.
　　　　　　　　　her
"Katie　X　Joswiak,
　　　　　　mark
"Wife of Albert Joswiak.
"Witness for Katie Joswiak:　J. Winfield."

It is further shown that shortly after the execution and delivery of said instrument, Albert and Mike Joswiak orally partitioned said land into two equal parts; the west one-half was to be owned by Albert, and the east one-half by Mike; that each of said parties took possession of the land so apportioned to them, and made valuable improvements thereon, and have resided thereon with their families ever since said partition; that for each year after the execution and delivery of said instrument each of said parties paid to Antonio Joswiak under the terms thereof the sum of $25 for each year up to the final payment of all the purchase-money notes, and that they continued to pay said sum up to a short while before the filing of this suit, a period of about eight years; that on or about the 1st day of January, 1921, only a few days before this suit was filed, appellant, Antonio Joswiak, gave Mr. G. C. Booth, a justice of the peace of Washington county, the instrument executed by the appellees, with instructions to collect from each of the appellees the sum of $200, based upon her claim that the appellees had promised to pay her $50 each per year for the next succeeding eight years, but that they had paid her only $25 per year. Mike Joswiak paid to Mr. Booth the sum of $200 as demanded, and Booth executed to him a receipt, stating that such payment was as "per contract." Albert refused to pay the sum demanded.

Steve Wisminkski testified that he married the daughter of appellant; that he had heard Mrs. Antonio Joswiak say several times that the land belonged to Albert and Mike; that he never heard her claim that she had any interest in the land; that she told him she had a written contract by which Mike and Albert had agreed to pay her $25 a year until the whole of the purchase money was paid, and after that to pay her $50 per year to the end.

This evidence, we think, was amply sufficient to support the judgment rendered against the intervener.

For the reasons above expressed, we overrule the contentions of appellant and affirm the judgment.

Affirmed.